IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARYANNE MARGARET HANSELL** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 16-5476 |
| v. | : | |
| | : | |
| **NANCY A. BERRYHILL, Acting** | : | |
| **Commissioner of Social Security**[1] | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                    OCTOBER 17, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

On October 18, 2016, Plaintiff Maryanne Margaret Hansell ("Plaintiff") filed a counseled complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of Carolyn W. Colvin, then the Acting Commissioner of the Social Security Administration ("Defendant"), which denied her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405 *et seq.,* and 1381 *et seq.*, respectively.  [ECF 1].[2] Plaintiff claims that she is disabled primarily due to symptoms and functional limitations resulting from her cervical myelopathy, cervical degenerative disc disease, and obesity.

---

[1] At the time Plaintiff filed her complaint, Carolyn W. Colvin ("Colvin") was the Acting Commissioner of Social Security. On January 23, 2017, Nancy A. Berryhill ("Berryhill") succeeded Colvin as Acting Commissioner. Thus, pursuant to Federal Rule of Civil Procedure 25(d), Berryhill is substituted as the named defendant. *See* Fed. R. Civ. P. 25(d).

[2] The authority to seek judicial review of a final determination regarding DIB is governed by 42 U.S.C. § 405(g). The authority to seek judicial review of a final determination regarding SSI is governed by 42 U.S.C. § 1383(c)(3), which states that the "final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." 42 U.S.C. § 1383(c)(3). This Court considers Plaintiff's challenges to the denial of both her DIB and SSI applications.

Consistent with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1, this matter was randomly referred to United States Magistrate Judge Jacob P. Hart (the "Magistrate Judge") for a *Report and Recommendation* ("R&R"). [ECF 9]. On April 4, 2017, the Magistrate Judge issued a thorough and well-reasoned R&R, recommending that Plaintiff's request for review be denied. [ECF 10]. Plaintiff timely filed objections to the R&R, essentially arguing that the Magistrate Judge erred in upholding the Administrative Law Judge Jack Penca's (the "ALJ") decision to give no weight to the opinions of Dr. Robert Centrone, M.D., Plaintiff's treating physician, or Dr. John DeCarli, D.O., the state agency's examining consultant, and "elevated" the opinion of the state agency non-examining reviewer. [ECF 11]. Defendant filed a response to the objections. [ECF 15].

After a comprehensive *de novo* review of the administrative record, the R&R, Plaintiff's objections, and Defendant's response, for the reasons set forth herein, this Court overrules Plaintiff's objections, approves and adopts the R&R, and denies Plaintiff's request for review.

**BACKGROUND**

The following is a succinct summary of the facts and the procedural history of this case as gleaned from the administrative record ("R."), [ECF 6], the R&R, and Plaintiff's objections to the R&R; *to wit*:

> On April 9 and April 26, 2012, Plaintiff filed an application for DIB and SSI, respectively, and indicated that she was born in 1959, had completed three years of college, had worked in managerial positions, and had alleged an onset date of disability of March 1, 2012, caused by cervical myopathy, neck and back injuries, arthritis, and patent ductus. (R. at 11, 283, 286). Plaintiff's applications were denied. (*Id.* at 11). Thereafter, Plaintiff filed a request for an administrative hearing. (*Id.* at 11).
>
> On April 6, 2015, Plaintiff, represented by counsel, appeared at a hearing before the ALJ. In the written decision dated April 23, 2015, the ALJ concluded that although Plaintiff has a severe impairment of cervical myopathy and degenerative disc disease, she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with

certain limitations, and was capable of performing her past relevant work as a fast food service manager and retail manager. (*Id.* at 13-17). As a result, the ALJ concluded that Plaintiff was not disabled under the Act, and denied Plaintiff's DIB and SSI applications. (*Id.* at 17-18).

Plaintiff appealed the denial of benefits to the Appeals Council, which affirmed the ALJ's decision. (*Id.* at 1-3), making it the final decision of the Commissioner. This request for judicial review followed.

**LEGAL STANDARDS**

To qualify for DIB and/or SSI benefits, a claimant must prove a disability. *See* 42 U.S.C. §§ 423(a)(1)(E); 1382(a)(1). To be disabled, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

To determine whether a claimant is disabled, an ALJ must employ a five-step sequential evaluation process outlined in the Social Security Regulations (the "Regulations"). *See* 20 C.F.R. §§ 404.1520(a)(1), 416.920(a).[3] A claimant bears the burden of proving steps one

---

[3] This five-step sequential analysis must be followed in order, and if the claimant is determined to be, or not to be, disabled at a particular step of the evaluation process, the evaluation does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.972(a). At each particular step of the five-step sequential analysis, the ALJ must determine the following:

> At step one, whether the claimant is currently engaging in substantial gainful activity. If the claimant is found to be engaged in substantial activity, the disability claim will be denied; otherwise the evaluation proceeds to step two.
>
> At step two, whether the claimant has an impairment that is severe or a combination of impairments that is severe. If the claimant fails to show that the impairment or combination of impairments is "severe," claimant is ineligible for disability benefits; otherwise, the evaluation proceeds to step three.
>
> At step three, whether the claimant's impairment or combination of impairments is of a severity sufficient to meet or medically equal the criteria listed in Part 404, Subpart P, Appendix 1. If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.

through four by substantial evidence. *See Plummer,* 186 F.3d at 428. At step five, the burden shifts to the Commissioner. *Id.* at 428. Ultimately, it is the claimant's burden to establish that he or she is disabled. *See* 20 C.F.R. §§ 416.912(a)(1); 404.703-704.

Judicial review of an administrative decision is limited in scope. In reviewing a final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, a court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the court must review the factual findings of the ALJ to determine whether the findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d at 552. "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the court may not set it aside "even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

---

At step four, whether the claimant retains the residual functional capacity to perform past relevant work. The claimant bears the burden of demonstrating an inability to return to past relevant work.

If the claimant is unable to resume [his] former occupation, the evaluation moves to the final step. At step five, the ALJ must determine whether the claimant, consistent with the claimant's medical impairments, age, education, past work experience, and residual functional capacity, is capable of performing other available work in the national economy. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether claimant is capable of performing work and is not disabled.

*See id.* § 404.1520(a)(4)(i)-(v); *Dismuke v. Comm'r of Soc. Sec.,* 309 F. App'x 613, 615-16 (3d Cir. 2009); *see also Plummer v. Apfel,* 186 F.3d 422, 428 (3d Cir. 1999).

When considering objections to a magistrate judge's report and recommendation, a court must undertake a *de novo* review of the portions of the report and recommendation to which the plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). This is true even where the objections merely reiterate the legal arguments previously presented to and considered by the magistrate judge. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d 5, 7 (3d Cir. 1984). However, the ultimate issue to be decided is whether the Commissioner's final decision was supported by substantial evidence. *See Rutherford,* 399 F.3d at 552.

**DISCUSSION**

In her objections, Plaintiff essentially reasserts, with a distinction, the identical arguments made in her brief and statement of issues presented to the Magistrate Judge; *to wit*: that the ALJ's decision gave no weight to the opinions of Dr. Centrone and/or Dr. DeCarli, and gave greater weight to the opinion of the state agency non-examining reviewer. [ECF 11]. The distinction made is that in the objections, Plaintiff objects to the Magistrate Judge's rationale for rejecting Plaintiff's arguments and attributes error to the Magistrate Judge.

This Court, after a careful consideration of the ALJ's decision, the underlying administrative record, the parties' briefs, and the R&R, opines that the Magistrate Judge thoroughly discussed these issues and Court concurs with the reasoning articulated in the R&R. Suffice it to state that this Court finds that the ALJ's factual findings are supported by substantial evidence. As required, the ALJ considered all the relevant evidence, including opposing medical

opinions, the vocational expert's opinion, and Plaintiff's statements about her impairments. Though Plaintiff disagrees with the ALJ's decision, the ALJ provided an explanation of the reasons for the weight given to the medical opinions, as well as the degree to which Plaintiff's testimony was credited. (R. at 16-17). Specifically, the ALJ gave no weight to Dr. Centrone's March 28, 2012 or May 14, 2013 opinions because they conflicted with his observations from the September 27, 2012 examination and do not support his opinion. (*Id.*). Likewise, the ALJ gave no weight to Dr. DeCarli's opinion, because his examination of Plaintiff, where he found that Plaintiff's neck was somewhat supple and that she had decreased range of motion in her upper extremities, did not support his opinion that Plaintiff could not lift more than ten pounds, especially in light of the medical records as a whole. (*Id.* at 17). These determinations, including credibility assessments, are the prerogative of the ALJ. *See* 20 C.F.R. § 404.1527(c); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011). A review of the administrative record clearly establishes that the ALJ's findings are supported by substantial evidence. Accordingly, Plaintiff's objections to the Magistrate Judge's conclusions that the ALJ's decision: (1) gave appropriate consideration to the various doctors' opinions, and (2) was supported by substantial evidence, are without merit and, therefore, are overruled.

**CONCLUSION**

After careful review of the evidence in the record and the submissions of the parties, this Court finds that substantial evidence exists in the administrative record to support the decision of the ALJ. Consequently, for the reasons stated herein, Plaintiff's objections are overruled, the R&R is approved and adopted, and Plaintiff's request for review is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, USDCJ.